IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NOOR TRADING, INC. d/b/a BEST, WESTERN FARMERS BRANCH and as Assignee of ESSEX INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>ASIAN AMERICAN NATIONS INSURANCE GROUP, INC.,<br><br>   Defendant. | No. 3:06-CV-2022-P |

## **MEMORANDUM OPINION**

Now before the Court is Defendant Asian American Nations Insurance Group, Inc.'s ("Asian") Motion for Summary Judgment, filed on March 14, 2008. Plaintiff Noor Trading, Inc. d/b/a Best Western Farmers Branch and Assignee of Essex Insurance Company ("Noor") filed a Response on April 14, 2008. Defendant filed its Reply on May 9, 2008. Also before the Court is Plaintiff's Motion for Partial Summary Judgment also filed on March 14, 2008. Defendant filed a Response on April 11, 2008 and Plaintiff filed its Reply on May 9, 2008. After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS in PART and DENIES in PART Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Partial Summary Judgment.

## I. Background and Procedural History

Plaintiff Noor was the owner of a Best Western branded motel located at 13333 N. Stemmons Freeway, Dallas, Texas. The motel was made up of six buildings. From May 2003 through the annual policy period of May 2006 through May 2007, Plaintiff sought its insurance needs through Defendant Asian. Asian had information contained within its files that clearly indicated that Plaintiff's motel had six buildings at the time of the procurement of the 2006 to 2007 policy. In 2006, Plaintiff sought to renew its coverage on its motel and asked Asian to find coverage for the entirety of its property, including all six buildings.

Asian began its search for a new insurer for Plaintiff's insurance needs in March 2006 in anticipation of the termination of the existing policy in May 2006. Asian sought out and procured a quote for property insurance from Essex who is a non-authorized, non-admitted, but eligible, Surplus-Lines insurance company. Because non-admitted carriers are not subject to the direct regulation of the Texas Department of Insurance, the issuance of surplus lines insurance requires that agents take certain steps necessary to validate the resulting insurance policy. Plaintiff alleges that Asian failed to take these steps while Defendant claims that it followed the regulations.

In its procurement of the policy of insurance from Essex on behalf of Plaintiff, Target Insurance Group ("Target") served as the managing general agent. (Def.'s App. Resp. at 8.) Asian assisted in submitting an application on behalf of Noor. (*Id*.) The parties differ on the events that occurred during the application process. Plaintiff claims that in its procurement of the policy of insurance from Essex on behalf of Plaintiff, Asian gave information to Essex that explicitly stated that Plaintiff's property had only four buildings. Plaintiff was not aware of

Asian's conveyance of this incomplete information. (Pl.'s Mot. at 3.) Defendant claims that Essex was not provided any false information by Asian because Noor asked Asian to seek insurance on only four of the six buildings on the property. (Def.'s Resp. at 2.)

During the application process, and before Essex began providing insurance coverage for Noor, Asian conducted a survey of admitted carriers in Texas. (Pl.'s App. Mot. at 16.) Essex bound the policy and it became effective on May 2, 2006 for a period of one year. The policy covered "all risk of direct physical loss or damage excluding earthquake and flood, covering buildings, business personal property, business income and extra expense … ." However, the policy contains no details of coverage regarding the number, identification or location of Plaintiff's buildings, rather it indicates that it insures the buildings described in a "schedule of values" that is on file with Essex. (Def.'s App. Mot. at 8). While Essex has contended that the application itself is the "schedule of values," the application is not titled "schedule of values," nor does it have any sections that are labeled as such, (*Id*. at 104-108), nor has any other document been identified in the record which is entitled "schedule of values."

On June 5, 2006, two of the buildings were destroyed by fire. In its investigation of the loss, Essex determined that the policy did not insure the two buildings that were destroyed. (Compl. at 2-3.) Plaintiff suffered the loss of the two buildings and incurred additional otherwise insured expenses totaling approximately $1.2 million dollars. Essex filed its Original Complaint on November 3, 2006 seeking declaratory relief from this Court. Essex sought to have this Court declare that its policy of insurance issued to Plaintiff provided no coverage for Plaintiff's claims. (Doc. No. 1.)

On December 7, 2006, Noor filed its original answer and counter-claim against Essex claiming its right to the benefits afforded it by the policy of insurance purchased from Essex. (Doc. No. 7.) Thereafter, Noor filed cross-claims against Asian as Noor's retail insurance agent and alleging that it was the negligence of Asian that contributed to the failure, or alleged failure of coverage. (Doc. No. 15.) On June 15, 2007, Essex filed its cross-claim against Asian for contribution and/or indemnity for any act of Asian that may be the cause of Essex paying Plaintiff's loss. (Doc. No. 25.)

On or about December 12, 2007, Essex and Noor settled all claims between them in return for a cash payment from Essex and the assignment to Noor of all claims owned by Essex against Asian. (Doc. Nos. 30 and 41.) These claims included a claim for common law indemnity for expenses and costs incurred by Essex in disposing of Noor's claims against it.

On February 6, 2008, Noor filed its Amended Complaint again alleging claims against Asian as well as pleading its assignment of claims previously owned by Essex against Asian. (Doc. No. 34.) Noor, as Plaintiff and assignee of the claims of Essex, continues this cause of action against Asian in order to recover the full value of its claims against Asian.

In support of its claim, Plaintiff alleges that "due to actions of Asian in its failure to fully and completely inform Essex of the extent, value and breadth of Plaintiff's insurable interest and its failure to abide by the procedural aspects of state laws regarding surplus lines insurance, Essex was forced to settle Plaintiff's claims at great cost and expense. Noor, as assignee of Essex, seeks recovery from Asian of these sums based upon its claim of common law indemnity." (Pl.'s Mot. at 4.)

Defendant argues that there is no evidence in the record that shows that Asian supplied false information to Essex, or that Asian had a duty to provide additional information. (Def.'s Mot. at 6.) In addition, Defendant argues that the policy does not limit the description of Noor's property to the four building, and thus, coverage should extend to all buildings under the terms of the policy. Finally, Defendant argues that even if the Court finds that the policy does not cover the burned buildings, it was not the result of anything Asian did and Plaintiff has not offered any evidence that a violation of Chapter 981 of the Texas Insurance Code has occurred. The Court will address the parties' arguments in turn.

## II.   Summary Judgment Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial and of identifying those portions of the record that demonstrate such an absence. *Id.* However, all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). At this

point, the nonmovant must provide specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment. *Id.* at 248-50; *Abbot v. Equity Group, Inc.,* 2 F.3d 613, 619 (5th Cir. 1993). In other words, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

Further, the Court has no duty to search the record for triable issues. *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise matter in which the evidence supports his or her claim." *Id.* However, the Fifth Circuit admonishes that "[w]hen dealing with employment discrimination cases, which usually necessarily involve examining motive and intent . . . granting of summary judgment is especially questionable. In these cases 'summary judgment should be used cautiously and all procedural requirements given strict adherence . . . .'" *Hayden v. First Nat'l Bank*, 595 F.2d 994, 997 (5th Cir. 1979) (quoting *Lavin v. Illinois High Sch. Ass'n*, 527 F.2d 58, 61 (7th Cir. 1975)).

**III.     Analysis**

    **A.     Noor's Motion for Partial Summary Judgment on Essex's claim for indemnity**

        **1.     Asian is the agent of Essex as a matter of law**

Plaintiff asserts that Asian is the legal agent of Essex in its actions in the procurement of the policy for Plaintiff. (Pl.'s Mot. at 5.) Defendant argues that Section 4001.051 of the

Insurance Code does not establish an agency relationship between Essex and Asian for the purposes described in Plaintiff's motion. (Def.'s Resp. at 5.) Under § 4001.051, an entity is the agent of the insurer if it: "(1) solicits insurance on behalf of the insurer; (2) receives or transmits other than on the person's own behalf an application for insurance or an insurance policy to or from the insurer; (3) advertises or otherwise gives notice that the person will receive or transmit an application for insurance or an insurance policy; (4) receives or transmits an insurance policy of the insurer; . . . (6) receives, collects, or transmits an insurance premium . . . ." Tex. Ins. Code Ann. § 4001.051(b)(1)-(4), (6). It is undisputed that Asian submitted an application for insurance to Essex. Therefore, the Court finds that Asian is Essex's agent under § 4001.051(b) for purposes of the subject matter of this dispute.

### 2. Vicarious liability

In its Reply, Plaintiff states that because it has been established as a matter of law that Asian was an agent of Essex for all purposes relevant to this dispute, Asian is liable to Noor as assignee of Essex's claims if its bad conduct resulted in the vicarious liability of Essex. The Court agrees with Plaintiff. The factual allegations that are the subject of Noor's motion could potentially state a direct cause of action between Essex and Asian. In addition, they also possibly establish that Asian caused damages to Noor in such a way that Essex is also liable for those damages. However, it is clear to the Court that a fact issue exists as to whether or not Asian committed a tort in its capacity as agent for Essex. Thus the Court finds that until it is proven that Asian committed a tort as alleged by Noor, Essex is not entitled to indemnity for the damage

caused by the tort. For this reason, summary judgment on the issue of indemnity is improper at this point. Thus, the Court DENIES Plaintiff's Partial Motion for Summary Judgment.

      **B.    Defendant's Lack of Causation and Damages Argument**

Defendant primarily argues that the form policy contains an ambiguity and thus the policy itself affords coverage of Noor's loss regardless of what was said or done by Asian. (Def.'s Mot. at 6.) Hence, Defendant asserts, summary judgment in favor of Defendant is proper because there is no evidence in the record that Plaintiff was injured by the actions of Defendant. Plaintiff argues that the ambiguity in the policy was created by the omission of two buildings in the application that Asian provided to Essex, and thus, Defendant's argument should be rejected. The Court disagrees with Defendant and agrees with Plaintiff. As Plaintiff correctly notes, the issue at hand is whether the ambiguity in the policy with respect to the covered buildings would have come up at all had Asian properly included all six buildings on the Noor application. Even though a fact issue clearly exists as to whether Asian improperly made misrepresentations to Essex, it is clear to the Court that if it is proven that Asian made improper misrepresentations, then it was those misrepresentations that lead to this dispute and all the expenditures incurred so far. Thus, the Court DENIES Defendant's Motion for Summary Judgment based on this argument.

      **C.    Defendant's remaining arguments**

Defendant states that in the alternative, if the Court concludes as a matter of law that the policy does not extend coverage to the loss at issue, then Defendant requests the Court grant

summary judgment on all claims assigned from Essex to Noor.  The Court has made no such conclusion and hence the Court does not address Defendant's request.

In addition, Defendant seeks summary judgment on specific causes of action.  Those include Plaintiff's: (1) Texas Insurance Code Chapter 981 claim; (2) Assigned causes of action for fraud and negligence; (3) contribution; and (4) indemnity.  The Court will address the parties arguments with respect to these claims in turn.

### 1. Texas Insurance Code Chapter 981 Claim

As part of the assigned claims, Plaintiff claims that Defendant did not make a "diligent effort" to determine whether the policy was procurable from the insurers licensed to transact and write that kind of insurance in Texas, in violation of § 981.004(a) of the Texas Insurance Code. (Compl. at 7.)  It is clear to the Court that the purpose of the mandatory provisions of Chapter 981 of the Texas Insurance Code, as acknowledged by both parties, is to provide some measure of state regulation over non-admitted insurance companies. In that regard, state law requires that an agent first seek with diligent effort the full amount of insurance from an insurer authorized to write that kind and class of insurance in this state. Tex. Ins. Code § 981.004.

To prove a violation of § 981.004, it is necessary for the plaintiff to show that there was a material and intentional violation of the statute. *Prodigy Commc'ns Corp. v. Agric. Excess & Surplus Ins. Co.*, 195 S.W.3d 764 (Tex. App.--Dallas 2006, pet. granted).  Defendant cites to *Prodigy* for the proposition that in order to establish a material violation, there must be evidence that an admitted carrier would, in fact, have insured the risk.  The Court does not agree with Defendant's assertion of the law based on the *Prodigy* case.  In that case, the Court found that

defendant had clearly determined through its due diligence that a local insurer would not have written the policy in question, and thus, the Court did not find a material and intentional violation of the surplus lines statute. *Id.* at 770. In this case, unlike *Prodigy*, though Plaintiff does not offer any evidence to demonstrate any admitted carrier would have insured the properties at issue, Plaintiff has shown that Defendant did not attempt to do its due diligence until after it had procured the Essex policy.[1] Therefore, the Court finds that a fact issue exists as to whether or not Defendant intentionally and materially violated § 981.004. Thus, the Court DENIES Defendant's Motion for Summary Judgment with respect to this claim.

### 2. Assigned causes of action for fraud and negligence

Defendant first argues that there is no proof in the record that shows that Asian supplied false information to Essex. In making this argument, Defendant relies on the testimony of Connie Masella, the individual who was responsible for overseeing and underwriting of the policy at issue. (Def.'s Mot. at 13.) Plaintiff argues that based on the testimony of Chris Hagle, one of Asian's representatives, it is obvious that false information was provided to Essex by Asian. (Pl.'s Resp. at 12.) After reviewing the deposition testimonies of both Masella and Hagle, the Court concludes that a material fact issue exists as to whether Asian supplied false information to Essex.

Next Defendant argues that Asian did not have a duty to disclose additional information concerning uninsured buildings on the same premises as insured buildings. (Def.'s Mot. at 13.)

---

[1] Asian procured the Essex policy on April 21, 2006 and then attempted its due diligence on April 24, 2006.

The Court does not agree and believes that there is a fact issue as to the existence of a duty to disclose in this case.  Clearly, as determined earlier, Asian was an agent for Essex under the Texas Insurance Code.  As an agent to Essex, Asian had a duty to make full disclosure to the principal of all material facts relevant to the agency.  *Allison v. Harrison*, 156 S.W.2d 137, 140 (Tex. 1941).  Whether or not the fact that two uninsured buildings were on Noor's property is a material fact relevant to agency is a question of fact for the jury.  For the foregoing reasons, the Court DENIES Defendant's Motion for Summary Judgment with respect to this claim.

### 3. Contribution claim

Next, Asian argues that the assigned claim for contribution is invalid because Essex, as a settling party, cannot now seek contribution. (Def.'s Mot. at 13.)  In response, Noor argues that, because "Essex remains in the lawsuit," a contribution action is not extinguished. (Pl.'s Resp. at 15). The Court agrees with Defendant.  The law is clear that when a co-defendant settles with a plaintiff, the settlement extinguishes the settling defendant's right of contribution. *Insurance Co. of North America v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex. App.--Houston [1st Dist.] 1990, no writ).   Once Essex settled its claims with Noor, it lost its ability to seek contribution from Asian and hence did not have a contribution claim to assign to Noor.  Thus, the Court GRANTS Defendant's Motion for Summary Judgment with respect to this claim.

Finally, Defendant argues that summary judgment should be granted on Noor's assigned claim for indemnity.  The Court has already addressed this argument when considering Plaintiff's Motion for Partial Summary Judgment.  Therefore, the Court DENIES Defendant's Motion for Summary Judgment with respect to the indemnity claim.

V. **Conclusion**

For the foregoing reasons, the Court GRANTS in PART and DENIES in PART Defendant's Motion for Summary Judgment and Denies Plaintiff's Motion for Partial Summary Judgment.

**IT IS SO ORDERED.**

Signed this 6th day of August 2008.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE